THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYN GARVIN, Appellant. — Judgment unanimously reversed and new trial granted. Memorandum: Defendant appeals from a judgment of conviction on a charge of burglary in the second degree and menacing. When the court polled the jurors

subsequent to the announcement by the jury foreman of the verdict, one juror replied that his verdict was "with reasonable doubt." The court stated that it did not know what that meant and asked if that was his verdict. The juror replied, "That's what I gave, yes." Defense counsel requested clarification of the remark, but the Judge refused to make any inquiry. A jury verdict in a criminal case must be unanimous and guilt must be found beyond a reasonable doubt. Provided that it is clear that the juror is convinced beyond a reasonable doubt, the exact words expressed by a juror are not material (*United States v Lawrence*, 618 F2d 986). The juror's response that he found guilt "with reasonable doubt" is in direct contradiction to the standard required to be applied in a criminal case. It is far from clear that this juror found defendant guilty beyond a reasonable doubt (see *United States v Lawrence, supra*). When the juror made this remark, the court should have asked him to clarify what he meant (*United States v Lawrence, supra*) or sent the jury back into session for a resolution of doubt (*People v Farrell*, 66 AD2d 718). Accordingly, under these circumstances, the judgment must be reversed. (Appeal from judgment of Supreme Court, Erie County, Celli, J. — burglary, second degree and menacing.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.