OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
While the jury was being polled one juror, when asked whether the verdicts were hers, responded, “Yes, under duress, I’m saying yes”. The Trial Judge then asked her, “Are they your verdicts, yes or no?”, to which the juror replied, “Yes.” Defense counsel thereupon requested the court to hold a hearing to make a determination as to what the stated duress consisted of. We agree with the Appellate Division that the denial of this request was error.
In light of the juror’s reference to “duress”, the trial court should have addressed the juror out of the presence of the other jurors, instructing her that communications among the jurors that were a part of their deliberative process in attempting to reach a verdict on the issues they were charged to decide (including their efforts by permissible arguments on the merits to persuade each other) were secret and not to be disclosed to him. The Judge should then have inquired of her whether, within the limitation just described, she could relate to him the circumstances to which she had referred as “duress”. If she could not tell him what she meant by duress without violating the secrecy of the jury deliberations, she should tell him nothing. The court would then have had no occasion for further action other than to accept the verdict of the juror. On the other *775 hand, if she could tell him what she meant by duress without violation of jury secrecy, the court should have asked her to explain the circumstances, remaining alert, however, to interrupt and preclude any disclosure of aspects of the deliberative process. If it then appeared that the duress arose out of matters extraneous to the jury’s deliberations or not properly within their scope, although perhaps occurring within the jury room, the Trial Judge would have been called on to determine what remedial action, if any, would have been suitable, ranging from directing the jury to continue their deliberations, through taking reasonable steps to remove or dissipate the cause of the duress, to replacing the juror with the consent of the defendant (CPL 270.35) or possibly declaring a mistrial (CPL 280.10). The appropriate action to be taken would necessarily have depended on the factual elements of the particular situation and the practicality and probable effectiveness in the circumstances of any particular procedure to eradicate the effect of the duress.
In this instance no inquiry was undertaken. Instead, the juror was given only the categorical alternative of “yes or no”, with no opportunity even to volunteer any comment or exposition of the predicament in which she found herself.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed in a memorandum.