■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRYANT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered January 17, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. The facts have been considered and are determined to have been established.

After the jury had rendered a verdict of guilty, it was polled at the defense counsel's request. During the polling, one juror, when asked whether the verdicts were his, responded, "Yes. But I had a discrepancy Judge". The following colloquy then transpired:

"THE COURT: What was the discrepancy?

"JUROR NUMBER EIGHT: I had a discrepancy. I did not truly— the point was what he did was against the law by calling somebody.

"THE COURT: What?

"JUROR NUMBER EIGHT: Was that actually aiding? Do we decide that was aiding or not?

"THE COURT: Well, I don't see the discrepancy. I mean the jury decided that the People have proved beyond a reasonable doubt the 2 essential elements required for the defendant to have acted in concert with Wayne Smith, then you can find him guilty of having acting in concert with the seller of the drugs.

"Was that how you found?

"JUROR NUMBER EIGHT: I guess, yes.

"THE COURT: Yes, is that your verdict?

"JUROR NUMBER EIGHT: Yes.

"THE COURT: Okay."

The jury was discharged and the defendant was advised of the jury's verdict and sentencing date. Thereafter, the court recalled the jury, and allowed them to resume deliberations. After further deliberations, the jury reiterated its verdict of guilt.

On appeal, the defendant argues that the court's acceptance of the verdict was in error, as the juror was equivocal in his response, and still expressed hesitation when he finally voted to reiterate the guilty verdict. Although the court's initial inquiry to ascertain the nature of the juror's hesitation was proper (see, People v Pickett, 61 NY2d 773, affg 92 AD2d 843; People v Garvin, 90 AD2d 682), the court's subsequent statement improperly interjected its opinion on a factual issue properly residing within the province of the jury. Further, the trial court's response may have influenced Juror Number 8, thereby impairing the integrity and voluntariness of the verdict. The court's subsequent recalling of the jury after its discharge for the purpose of resuming deliberations was procedurally defective. Accordingly, the judgment is reversed and a new trial is ordered.

The defendant's remaining contentions are without merit. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.