■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY JACKSON, Appellant. [609 NYS2d 320] —Appeal by the defendant from a judgment of the County Court, Dutchess County (King, J.), rendered January 6, 1992, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements that were overheard by the police while the defendant spoke on the telephone.

Ordered that the judgment is reversed, on the law, the plea is vacated, the branch of the defendant's omnibus motion which was to suppress the statements that were overheard by the police is granted, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the indictment.

We agree with the defendant that the County Court erroneously denied that branch of his omnibus motion which sought to suppress statements that he made to his mother over the telephone and that were overheard by the police.

Based upon a photographic identification, the defendant was arrested and advised of his constitutional rights. Although he initially waived his right to remain silent and to make a statement, the defendant subsequently asked to speak with his attorney. He telephoned his attorney, but no one was in the office, so he left a message. Thereafter, he agreed to further interrogation which elicited inculpatory statements. These statements were correctly suppressed since the defendant's purported waiver of his rights following his request for legal counsel was ineffective in the absence of counsel (see, People v Cunningham, 49 NY2d 203).

After inculpating himself, the defendant agreed to make a taped confession. Before doing so, however, he again asked to speak with his attorney. Again his attorney could not be reached, and attempts to find his home telephone number were unsuccessful. The defendant then asked to telephone his mother. He was led to an area occupied by detectives' desks. There he was directed to use a telephone on the first desk while a detective stood approximately six to eight feet away guarding a door. Some of the defendant's statements to his mother were overheard by the detective, and, unbeknownst to the defendant, the telephone call was recorded by the police.

The County Court properly suppressed the tape recording of the telephone call, but held that the detective's account of what he had overheard was admissible. We disagree.

It is clear that the police took advantage of the defendant's desire to place a telephone call to his mother, so the statements that were overheard were not spontaneously given (see, People v Grimaldi, 52 NY2d 611). After the defendant had ineffectively waived his right to counsel in the absence of counsel, he was improperly subjected to further interrogation, and he was directed to use a telephone that was surreptitiously bugged by the police. Given the facts that he had already inculpated himself and that the police were more

than willing to continue questioning him after he had asked to speak with his attorney, it is clear that the police did not inadvertently overhear the defendant's statements to his mother. Rather, the police attempted to subtly maneuver the defendant into a situation in which their interception of his statements was assured (see, People v Moss, 179 AD2d 271). Thus, the telephone call became an extension of the illegal questioning that preceded it (see, People v Moss, supra; cf., People v King, 155 AD2d 480). Accordingly, the County Court's order denying suppression of the defendant's statements to his mother that were overheard by the police must be reversed, and the defendant's plea vacated. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.