■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GARCIA, Appellant. [626 NYS2d 838] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered March 3, 1993, convicting him of attempted robbery in the first degree (two counts) and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the lineup from which he was identified was impermissibly suggestive because he was the youngest and shortest individual in the group. Any disparities in the heights of the lineup participants was remedied by the fact that the individuals were seated during the identification procedure. Moreover, no appreciable difference in age between the defendant and the fillers was apparent in viewing the lineup. Accordingly, the lineup consisted of individuals who were reasonably similar in appearance to the defendant (see, People v Stephens, 143 AD2d 692; People v Gairy, 116 AD2d 733), and there was no requirement that the defendant be surrounded by individuals whose physical characteristics were nearly identical to his (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v Brito, 179 AD2d 666).

Similarly unavailing is the defendant's contention that the trial court erred in denying his request for a missing-witness charge with respect to the complainant's wife. The wife was not a witness to the crime or to any relevant facts surrounding its commission, but merely acted as a translator for the complainant when he spoke with the authorities. Therefore, as noted by the trial court, there was no indication that the wife was knowledgeable regarding a material issue in the case or that her testimony would have been noncumulative, and "all she [could] do is confirm * * * what the complainant said". Under these circumstances, a missing-witness charge was unwarranted (see, People v Brown, 202 AD2d 514; People v Aquino, 202 AD2d 261; see generally, People v Gonzalez, 68 NY2d 424).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). We do not discern any basis in the record for reversal in the interest of justice.

Finally, the defendant's sentence is neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Sullivan, J. P., Thompson, Copertino and Florio, JJ., concur.