■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER LOUARD, Appellant. [642 NYS2d 670] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered April 27, 1994, convicting defendant, after jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of $2^{1}/_{2}$ to 5 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of assault in the second degree was proven beyond a reasonable doubt (*People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Further, an independent review of the facts confirms that the verdict was not against the weight of the evidence (*People v Bleakley,* 69 NY2d 490). The testimony of a police officer that the complainants had initially implicated and then exonerated another individual in the robbery is easily explained as a misunderstanding attributable to the complainants' statements that the other individual was present at the scene. Further, to the extent that the testimony of the complaining witnesses varied with respect to certain details of the fast-developing incident, the jurors were free, as the trial court instructed, to reject those portions of the complainants' testimony they found to be incredible, and accept those portions of their testimony they found to be truthful (*People v Roviera,* 176 AD2d 453, *lv denied* 78 NY2d 1129). That the jurors did so is evidenced by their failure to reach a verdict on the additional charges submitted, which in no way diminishes the People's proof on the charge of assault in the second degree, nor renders the verdict on the charge of assault in the second degree against the weight of the evidence.

Defendant's presence was not required at a robing room conference, at which only questions of law and procedure were discussed by the court and counsel (*People v Rodriguez,* 85 NY2d 586, 591).

According due consideration to the secrecy of jury deliberations, when a juror calmly and unhesitatingly, in the absence of the other jurors, stated that she concurred in the announced verdict, the court's questioning was properly concluded (*cf.*, *People v Pickett*, 61 NY2d 773). Concur—Milonas, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.