*962
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On appeal, defendant assigns various claims of error arising out of a juror’s initial silence when polled about the verdict. Among his remaining contentions, defendant argues that the trial court erroneously gave an “acting-in-concert” instruction in response to a note from the deliberating jury requesting further explanation of some of the crimes charged against defendant.
 

 Defendant was tried on charges stemming from a murder occuring on July 16, 1994 in Bronx County. During deliberations, the jury requested “another explanation of the law on attempted murder in the second degree and assault in the second degree.” In responding to the request, the court also repeated its previous instruction on “acting-in-concert” liability. The jury subsequently informed the court that it had reached a verdict and the foreperson, in open court and in the presence of all parties, confirmed that the jury had found defendant guilty of murder in the second degree and assault in the second degree.
 

 When the jury was polled, juror number 6 initially failed to answer whether the stated verdict was hers. The court repeated the question a number of times but, each time, the juror failed to respond. The court finally stated:
 

 “[Ijt’s obvious that you’re very emotional about this and that you are taking your job as a juror seriously. We understand that. But you have indicated your verdict in the jury room and it is necessary for us to confirm it here if, in fact, that was your verdict. And therefore you are being asked whether that, in fact, is your verdict, yes or no? Please make a response to my question?”
 

 To this, the juror responded “yes” and the remaining jurors were polled. Defendant was convicted of murder in the second degree and assault in the second degree and was sentenced to concurrent terms of 25 years to life, and 2 to 6 years, respectively. The Appellate Division affirmed the conviction and sentence with two Justices dissenting. A dissenting Justice granted defendant leave to appeal to this Court.
 

 As provided under the Criminal Procedure Law, either party may request polling the jury after a verdict has been rendered and, if “any juror answers in the negative, the court must re
 
 *963
 
 fuse to accept the verdict and must direct the jury to resume its deliberations” (CPL 310.80). Even in the absence of an outright negative declaration, a juror’s response during polling may engender doubts about a full verdict and we have recognized the responsibility of a court to resolve any uncertainties
 
 (see, Sharrow v Dick Corp.,
 
 86 NY2d 54;
 
 People v Pickett,
 
 61 NY2d 773). However, a request for a specific procedure to correct or clarify claimed irregularities in a verdict must be preserved for appellate review
 
 (see, People v Marilla,
 
 7 NY2d 319 [defendant’s failure to request a polling of the jury rendered objection unpreserved]).
 

 Here, defendant assigns error to the manner and conduct of the jury polling and claims that the court failed to inquire further into an individual juror’s vote upon the verdict. However, defendant failed to make this specific objection or request such procedures when the juror was being polled. Defendant again failed to object after the entire jury was polled before the panel was dismissed. Instead, defense counsel concentrated on describing his impression of the juror’s reactions and simply resolved to “let the record speak for itself.” It does. Defendant’s contention on appeal concerning a claimed failure of the trial court to make certain inquiries is unpreserved for our review.
 

 Finally, the court did not abuse its discretion by including an instruction on the “acting-in-concert” theory of liability in its response to the jury’s note. Because there is “no distinction between liability as a principal and criminal culpability as an accessory”
 
 (People v Duncan,
 
 46 NY2d 74, 79-80;
 
 People v Rivera,
 
 84 NY2d 766, 768) and the prosecution pursued both lines of reasoning in presenting its case, the court’s repetition of its previous instructions to which defendant had not objected was consistent with “the substantive scope of the initial writr ten inquiries”
 
 (People v DeRosario,
 
 81 NY2d 801, 803;
 
 People v Weinberg,
 
 83 NY2d 262, 268).
 

 To the extent defendant’s remaining contentions are preserved, they are without merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.