■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO POEY, Also Known as ANDRES CAMACHO, Appellant. [689 NYS2d 509] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Eng, J.), both rendered June 17, 1997, convicting him of burglary in the first degree (two counts), robbery in the first degree, criminal impersonation in the first degree, and unlawful imprisonment in the second degree under Indictment No. 2623/96, and burglary in the second degree, grand larceny in the fourth degree, and criminal impersonation in the second degree under Indictment No. 2900/96, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the hearing court correctly concluded that the lineup from which he was identified was not impermissibly suggestive. There is no requirement that the participants in a lineup be nearly identical in appearance (*see, People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). Despite certain age and weight disparities, the fillers were sufficiently similar to the defendant in appearance so that he was not singled out for identification (*see, People v Longshore,* 249 AD2d 565; *People v Lopez,* 209 AD2d 442; *People v Baptiste,* 201 AD2d 659). Furthermore, any height discrepancies were minimized by the fact that the participants were seated when viewed by the complainants (*see, People v Garcia,* 215 AD2d 584; *People v Robert,* 184 AD2d 597). Consequently, the defendant's motion to suppress the lineup identification by the complainants was properly denied.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250-252). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the finding was not against the weight of the evidence (*see,* CPL 470.15 [5]; *People v Gaimari,* 176 NY 84, 94; *People v Garafolo,* 44 AD2d 86, 88).

We find unpersuasive the defendant's contention that he was denied a fair trial by the court's allegedly unbalanced marshaling of the evidence during its charge. The court referred to the evidence to the extent necessary to explain the application of legal principles to the factual issues in this case (*see,* CPL 300.10 [2]). The court placed no undue emphasis on the People's contentions. The court referred to the defendant's alibi defense and discussed the factors the jury was to consider in determining the complainants' reliability (*see, People v Gray,* 144 AD2d 483). In addition, the court stated numerous times that the People had the burden of proving that the defendant committed the crime beyond a reasonable doubt. Thus, considered as a whole, we do not find that the court's charge warrants reversal (*see, People v Harris,* 171 AD2d 882, 883; *People v Beaumont,* 170 AD2d 513). O'Brien, J. P., Friedmann, Florio and McGinity, JJ., concur.