■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIQUAN DAVIS, Appellant. [721 NYS2d 267] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered January 17, 1996, convicting him of rape in the first degree, sodomy in the first degree, attempted rape in the first degree, burglary in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Juviler, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the complainant's identification of him at a police lineup should

have been suppressed. While the defendant was the tallest participant in the lineup, the complainant first identified him while all participants in the lineup were seated (*see, People v Garcia,* 215 AD2d 584, 585). Additionally, although the defendant was the youngest of the lineup participants, several of the participants appeared to be approximately the same age as he.

The trial court properly denied the defendant's application to proceed *pro se* since the request, while timely, was not unequivocal (*see, People v McIntyre,* 36 NY2d 10, 17; *People v Rheubottom,* 131 AD2d 790).

The court properly directed that the term of imprisonment on the conviction of the crime of burglary in the first degree run consecutively with the terms of imprisonment imposed for the convictions of the crimes of rape in the first degree, sodomy in the first degree, and attempted rape in the first degree. The crime of burglary was a separate and distinct crime from the charges of rape, sodomy, and attempted rape (*see, People v Laureano,* 87 NY2d 640, 643; *People v Davis,* 238 AD2d 517, 518). Moreover, the sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]), or without merit. S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.