THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NINO FRANCOIS, Also Known as SHAWN HAMLET, Appellant.
[748 NYS2d 384]

The defendant contends that he was denied his right to a speedy trial pursuant to CPL 30.30 (1) (a). That statute provides that the People must be ready for a felony trial within six months of the commencement of the criminal action. Since less than 182 days were chargeable to the People, the Supreme Court properly denied the defendant's motions to dismiss the indictment on speedy trial grounds (*see* CPL 30.30 [1] [a]; *People v Caraballo,* 285 AD2d 610; *People v Pittman,* 282 AD2d 693).

There is no merit to the defendant's contention that the pretrial lineup was unduly suggestive. No appreciable difference between the defendant and the lineup participants was apparent (*see People v Davis,* 281 AD2d 429, 430; *People v Poey,* 260 AD2d 411; *People v Garcia,* 215 AD2d 584, 585). Additionally, the defendant was not the only participant wearing a dark top (*see People v Wallace,* 261 AD2d 493). Consequently, that branch of the defendant's omnibus motion which was to suppress the lineup identification testimony was properly denied.

However, as the People correctly concede, the Supreme Court's acceptance of the verdict constituted error. After the jury rendered a verdict of guilty on each count of the indict-

ment, it was polled at the defense counsel's request. When asked if the verdict was his, juror number four responded, "[y]es, but not beyond a reasonable doubt." Upon further questioning by the court outside the presence of the other jurors, juror number four indicated that he could not "reach a true and honest decision" and that he "gave in" to the other jurors' decision to find the defendant guilty.

Asked repeatedly whether he could resume deliberations with the other jurors, juror number four responded in the negative. The Supreme Court recalled the other jurors, declared that it was accepting the verdict and discharged the jury. The Supreme Court denied the defendant's motion for a mistrial.

"The purpose of polling the jury is to make sure that the verdict does indeed express the voluntary verdict of that particular juror" (*People v Pickett,* 92 AD2d 843, *affd* 61 NY2d 773). Either party may request polling of the jury after a verdict has been rendered, and if "any juror answers in the negative, the court must refuse to accept the verdict and must direct the jury to resume its deliberations" (CPL 310.80). The Court of Appeals has recognized the responsibility of a trial court to resolve any uncertainties in a juror's response during polling which may engender doubts about a full verdict (*see People v Mercado,* 91 NY2d 960; *Sharrow v Dick Corp.,* 86 NY2d 54; *People v Pickett, supra*).

While the Supreme Court's inquiry to clarify juror number four's ambiguous response was proper (*see People v Mercado, supra; People v Bryant,* 170 AD2d 520, 521; *People v Garvin,* 90 AD2d 682), it did not resolve the uncertainty as to this juror's vote. The Supreme Court should not have accepted the verdict (*see* CPL 310.80; *People v Mercado, supra; People v Pickett, supra; cf. People v Gottlieb,* 44 AD2d 587, *revd on other grounds* 36 NY2d 629). Accordingly, a new trial is ordered.

In light of the foregoing, we need not reach the defendant's remaining contention. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.