Javier **MERCADO**, Petitioner–Appellant,

v.

Leonardo **PORTUONDO**, Superintendent, Shawangunk Correctional Facility Respondent–Appellee.

No. 01–2701.

United States Court of Appeals, Second Circuit.

Sept. 15, 2003.

Jeremy Gutman, New York, NY, for Petitioner–Appellant.

Joseph N. Ferdenzi, Assistant District Attorney, for Robert T. Johnson, District Attorney, Bronx County (Christopher J. Blira–Koessler, Assistant District Attorney, on the brief), for Respondent–Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. MILTON POLLACK, District Judge.*

## SUMMARY ORDER

Petitioner-appellant Javier Mercado appeals from a district court's denial of his petition for a writ of habeas corpus, challenging his New York state court convictions for second-degree murder and assault. Since 1995, he has been serving concurrent terms of imprisonment, one of 25 years to life, and one of 2 to 6 years. The evidence adduced at trial revealed that Mercado and a friend fired shots at a group of men, killing one man and wounding another.

On direct appeal following a jury trial in state court, Mercado asserted that the trial judge erred in failing to ensure the unanimity of the verdict. The basis of his argument was that it took roughly seven minutes during polling for one of the jurors to affirm the verdict, and that, even then, it was unclear whether the juror actually said "yes." [1] During those seven minutes, according to Mercado, the trial judge effectively coerced the juror into an affirmative response, and denied petitioner's trial counsel the opportunity to object. Moreover, still according to petitioner, after the jury polling concluded, the juror became ill and had to be escorted from the courtroom. Mercado further contends that the judge should have conducted an inquiry to determine the cause of the juror's delayed response and of her subsequent physical and emotional reaction.

The Appellate Division found this series of claims to be unpreserved, and, in any event, meritless. *People v. Mercado,* 230 A.D.2d 488, 659 N.Y.S.2d 453, 454–55 (App.Div.1997) (noting that "[c]ounsel did not request further relief, rendering unpreserved the appellate claim that the court erred in accepting the verdict with-

---

\* The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. At the end of the colloquy between the judge and the juror in question, defense counsel stated "just prior to that I saw her shaking her head no so I'd like to hear [her answer again]," to which the court replied, "[c]ontinue polling the jury." And after polling, defense counsel stated, "[l]et the record reflect it took her over seven minutes to say [yes]. I'll let the record speak for itself." When asked by the judge if he was "reserving all motions until the day of sentence," he said yes. On November 13, 1995, the date set for sentencing, Mercado's attorney orally requested an adjournment, seeking additional time to prepare a motion concerning "the very unusual event during the polling of the jury." The judge denied the request, stating, "there's no reason why motion practice can't be conducted after sentence is imposed."

out conducting a hearing as to juror number 6," and finding "no basis to conclude that the verdict was less than unanimous.") The Court of Appeals affirmed, expressly on the ground that the claim was procedurally barred. *See People v. Mercado,* 91 N.Y.2d 960, 962–63, 672 N.Y.S.2d 842, 695 N.E.2d 711 (1998) ("Defendant's contention on appeal concerning a claimed failure of the trial court to make certain inquiries is unpreserved for our review."). Later, on a collateral motion for post-conviction relief, petitioner again sought to vacate his convictions due to a lack of jury unanimity.[2] The trial court rejected his motion on procedural grounds, and leave to appeal was denied.

Mercado then filed a habeas petition in district court in the Southern District of New York. The court (Mukasey, *C.J.*) found that petitioner's jury unanimity claim was procedurally barred because the state court had rested its decision on an independent and adequate state ground— failure to comply with the contemporaneous objection rule—and because cause and prejudice were not shown.

On appeal, Mercado challenges the district court's finding. He concedes the procedural default, but asks this Court to find cause and prejudice.[3] *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (requiring a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law"). He identifies the court's interference with his trial counsel's efforts to make a contemporaneous

objection as "cause" for the default. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (holding that cause exists where "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule"). We find no such interference, and no other justifiable reason for Mercado's failure to object.

According to Mercado, the judge "rejected" trial counsel's "initial attempts to make a contemporaneous application," and "affirmatively authorized and encouraged counsel to defer the filing of a motion until a later date." Further, he argues that when his trial counsel attempted to make an "application," requested a "sidebar," disputed juror number six's response, and pointed out that she appeared to be sick, the court "rebuffed" him at each turn, and then "spontaneously suggested" that counsel reserve motions until sentencing.

The insuperable problem with petitioner's argument is that, while trial counsel did have the opportunity to make several on-the-record statements in connection with the response of juror number six, he never actually objected. When counsel complained that he saw the juror shake her head, he did not object. When she was being taken from the courtroom, he did not object. When he described her as "yelling" from the back of the courtroom, he did not object. When the court *asked* him (rather than ordered him or forced him) whether he wanted to defer motions until sentencing, he answered affirmatively.

**2.** Petitioner also raised other arguments which are not at issue in the instant appeal.

**3.** In one footnote, petitioner implicitly asserts that his post-conviction motion for collateral relief should be viewed as a timely objection, because the judge instructed him, at the sen-

tencing hearing, to defer motions relating to the jury polling until a later date. But New York's contemporaneous objection rule requires that he object prior to discharge of the jury, not during sentencing proceedings. The exchange between the court and counsel at sentencing is therefore irrelevant.

We find nothing in the record to suggest that the trial court prevented Mercado's counsel from making an objection at the appropriate time; that is, no indication that "interference by state officials made compliance [with the contemporaneous objection rule] impracticable," *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir.1994) (internal citations and quotation marks omitted).[4]

Nor has petitioner demonstrated a "'fundamental miscarriage of justice.'" *Carrier*, 477 U.S. at 495–96, 106 S.Ct. 2639 (citation omitted). *See also Washington v. James*, 996 F.2d 1442, 1447 (2d Cir.1993) (requiring a showing that the "'constitutional violation has probably resulted in the conviction of one who is actually innocent'") (quoting *Carrier*, 477 U.S. at 496, 106 S.Ct. 2639).[5] Accordingly, he cannot evade the cause and prejudice requirement, and we cannot reach the merits of his jury unanimity claim.

We have considered all of petitioner's arguments that are before us and find them meritless. We therefore AFFIRM the judgment of the district court.

---

**4.** Since Mercado cannot show cause for the procedural default, we need not reach the question of whether he has properly demonstrated prejudice.

**5.** We note that Mercado did not allege ineffective assistance in the district court, and he in no way raises it here. Indeed, such a claim might well work at cross-purposes with the argument he has made to this court—that his counsel vigorously attempted to object and was denied the opportunity to do so by the trial judge.