■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURALEETHARAN KATHIRAVELU, Appellant. [771 NYS2d 361]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered December 4, 2002, convicting him of assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The County Court erred in denying the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The felony complaint was filed on December 26, 2000. On June 14, 2001, the defendant was arraigned and the People announced their readiness for trial. On that date, 12 days remained in the six-month period pursuant to CPL 30.30 (1) (a) from the commencement of the criminal action in which the People had to be ready for trial.

As the County Court correctly stated in its order dated April 29, 2002, denying the speedy trial motion, a 13-day adjournment from February 20, 2002, to March 5, 2002, was chargeable to the People. Under these circumstances, the total number of days chargeable to the People exceeded the 181 days comprising the six particular months within which the People were required to be ready for trial in this case (*see* CPL 30.30 [1] [a]; *People v Cortes,* 80 NY2d 201, 207-208 n 3 [1992]; *cf. People v Francois,* 297 AD2d 750 [2002]). Accordingly, the judgment of conviction must be reversed and the indictment dismissed. Santucci, J.P., S. Miller, Crane and Rivera, JJ., concur.