█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS CASCIO, Appellant. [914 NYS2d 490]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 28, 2009. The

judgment convicted defendant, upon a jury verdict, of robbery in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the third degree (Penal Law § 160.05), defendant contends that Supreme Court erred in accepting the verdict after a juror stated during jury polling that "I think he was not guilty on the third, we all agreed, but . . . ." We reject defendant's contention that the court was required to direct the jury to return for further deliberations as soon as the juror made that statement. Rather, we conclude that the court properly exercised its discretion by instead clarifying both what the juror meant by the statement and what her verdict was (*see generally People v Simms*, 13 NY3d 867, 871 [2009]; *People v Mercado*, 91 NY2d 960, 962-963 [1998]; *People v Francois*, 297 AD2d 750, 751 [2002]). During the court's ensuing discussion with the juror, it became clear that the juror had found defendant guilty, and that the reason for her statement during jury polling was that she had initially believed that defendant was not guilty but had thereafter agreed with her fellow jurors that he had committed the crime.

We further reject the contention of defendant that the court erred in instructing the jury with respect to the definition of proof beyond a reasonable doubt. The court's charge, which was analogous to the reasonable doubt charge set forth in CJI2d(NY), accurately stated the law (*see People v Perkins*, 27 AD3d 890, 893 [2006], *lv denied* 6 NY3d 897 [2006], 7 NY3d 761 [2006]). The fact that the charge did not include certain language that defendant believed would be included did not have a detrimental effect on defense counsel's summation in referring to that language, inasmuch as the jury had been informed several times that it was the role of the court to instruct them on the law.

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict finding that defendant was the individual who committed the robbery is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence that an eyewitness had identified defendant from a photo array five days after the crime. In addition, the evidence included clothing from defendant's closet containing a flaw on a jacket sleeve that was consistent with the perpetrator's clothing, the bank surveillance videos and photographs, and the testimony of a police officer that he recognized defendant from a news airing of a bank

surveillance photograph. Thus, while a different verdict may not have been unreasonable, upon independently "weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony," we conclude that the verdict is not against the weight of the evidence (*People v Rayam*, 94 NY2d 557, 560 [2000] [internal quotation marks omitted]; *see Bleakley*, 69 NY2d at 495).

Defendant further contends that the court erred in refusing to suppress the identification of defendant in court by the witness who had identified him in the photo array because the aforementioned bank surveillance photograph of the robber was aired on the news before the witness had viewed the photo array. We reject that contention. There is no indication that the witness saw the broadcast or, in the event that he had, that the news broadcast impaired the fairness of the photo array procedure (*see generally People v Rodriguez*, 49 AD3d 433, 434 [2008], *lv denied* 10 NY3d 964 [2008]). "We cannot . . . conceive of how viewing a clear image of the robber [from a bank surveillance photograph] is an 'undue' or improper suggestion of what he [or she] looked like" (*People v Gee*, 99 NY2d 158, 164 [2002], *rearg denied* 99 NY2d 652 [2003]). "Undue suggestiveness lies at the heart of *Wade* jurisprudence, but that concern is not ordinarily implicated when (as here) the [witness has seen] an actual depiction of the robbery [he himself] witnessed" (*id.* at 163).

The court also did not err in refusing to suppress statements that defendant made by telephone to his mother, in the presence of a police detective. Defendant was aware of the detective's presence throughout the conversation, and he nevertheless spoke freely and unguardedly. Spontaneous statements are admissible, even when made after the right to counsel has attached (*see People v Gonzales*, 75 NY2d 938 [1990], *cert denied* 498 US 833 [1990]; *People v Rivers*, 56 NY2d 476, 479 [1982], *rearg denied* 57 NY2d 775 [1982]; *People v Cooper*, 38 AD3d 678, 680 [2007]). Defendant's reliance on *People v Jackson* (202 AD2d 689, 690-691 [1994]) is misplaced, because here the police respected defendant's assertion of the right to counsel, and there was no surreptitious or improper maneuvering to overhear defendant's telephone conversation in contravention thereof.

Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.