■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAH JUSTICE, Appellant. [6 NYS3d 281]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered December 11, 2012, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Berkowitz, J.), of the suppression of identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the complaining witness's viewing of a surveillance video of the assault did not constitute an identification procedure (*see People v Gee*, 99 NY2d 158, 162 [2002]).

The defendant's contention that the evidence was legally insufficient to support his convictions of assault in the second degree and criminal possession of a weapon in the third degree is unpreserved for appellate review (*see People v Delgado*, 109 AD3d 483 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60

NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Taylor*, 98 AD3d 593, 594 [2012], *affd sub nom. People v Heidgen*, 22 NY3d 259 [2013]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Taylor*, 98 AD3d at 594; *People v Delancey*, 94 AD3d 1015 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.