People v Harripersaud (2018 NY Slip Op 03452)





People v Harripersaud


2018 NY Slip Op 03452


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Friedman, J.P., Tom, Kapnick, Kahn, Kern, JJ.


6529 2606/12

[*1]The People of the State of New York, Respondent,
v
Ishri Harripersaud, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Megan D. Byrne of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered January 22, 2016, convicting defendant, after a jury trial, of 25 counts of criminal sexual act in the second degree, and sentencing him to an aggregate term of eight years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
Defendant did not preserve any of his challenges to the actions taken by the court after a poll of the jury failed to establish that its initial verdict was unanimous (see People v Mercado, 91 NY2d 960, 963 [1998]), and we decline to review them in the interest of justice. None of defendant's claims implicate the "very narrow category" of mode of proceedings errors exempt from preservation requirements (People v Kelly, 5 NY3d 116, 119 [2005]; see also People v Hanley, 20 NY3d 601, 604-605 [2013]; People v Agramonte, 87 NY2d 765, 770 [1996]).
As an alternative holding, we find no basis for reversal. The court's actions addressed an unusual situation where statements by a juror and communications from the remainder of the jury raised serious concerns about whether the juror actually disagreed with the other jurors, or was merely reluctant to announce a vote for conviction in open court. Contrary to defendant's argument, the court complied with CPL 310.80 by rejecting the initial verdict and directing the jury to resume deliberations, with an instruction that was correctly limited to the subject of unanimity. Nothing in CPL 310.80 precluded the court from also addressing a note from the jury that sought to explain the situation. After an individual colloquy with the juror at issue, which we find to be appropriate under the
circumstances (see generally People v Simms, 13 NY3d 867 [2009]), the court effectively repolled the jury, and accepted a unanimous verdict.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK