People v Folkes (2019 NY Slip Op 04719)





People v Folkes


2019 NY Slip Op 04719


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04033
 (Ind. No. 5511/13)

[*1]The People of the State of New York, respondent,
v
Barrington Folkes, appellant.


Paul Skip Laisure, New York, NY (Charity L. Brady of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Howard B. Goodman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered April 4, 2016, convicting him of grand larceny in the third degree (5 counts), grand larceny in the fourth degree (6 counts), identity theft in the first degree (10 counts), identity theft in the second degree, criminal possession of a forged instrument in the second degree (9 counts), and criminal impersonation in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In a 148-count Kings County indictment, the People alleged, inter alia, that on four separate occasions, the defendant made cash withdrawals from a bank account he did not own. The indictment alleged that the acts which were the basis for 135 of the counts occurred in Kings County, and that the acts which were the basis for 13 of the counts occurred in Queens County. Prior to trial, defense counsel, in effect, orally moved to dismiss the counts relating to acts that allegedly occurred in Queens County on the ground that venue was improper. The Supreme Court denied the defendant's motion.
At trial, the People introduced evidence that the defendant personally went to three Citibank branches in Brooklyn and one Citibank branch in Queens, and made unauthorized withdrawals from a bank account he did not own using a counterfeit identification card. At the close of the evidence, the prosecutor informed the Supreme Court that the People could not establish venue with respect to the Queens County counts, and moved to dismiss them. The court granted the People's motion and dismissed those counts. Following an extended colloquy regarding what curative instruction should be given, defense counsel and the prosecutor agreed that the jury should be instructed not to speculate as to why the Queens County counts were dismissed. The court instructed the jurors: "As to the counts alleged to have occurred in Queens County, you are to disregard all testimony and other evidence related to those counts, and you are not to speculate regarding the Court's decision in that regard." The defendant did not object to this curative instruction.
After deliberating, the jury returned a unanimous verdict finding the defendant guilty [*2]of grand larceny in the third degree (5 counts), grand larceny in the fourth degree (6 counts), identity theft in the first degree (10 counts), identity theft in the second degree, criminal possession of a forged instrument in the second degree (9 counts), and criminal impersonation in the second degree. As the jury was being polled, juror number two hesitated in affirming the verdict. The Supreme Court questioned juror number two outside the presence of the other jury members, and he responded that he felt pressured with regard to certain counts pertaining to the defendant's alleged conduct on June 24, 2013, at a Citibank branch. Juror number two stated that he went along with the verdict because the "majority ruled." Defense counsel requested a mistrial on the counts alleged to have occurred on June 24, 2013. Over the defendant's objection, the court inquired further of juror number two, asking for clarification as to what he meant when he said that he felt pressured. Juror number two stated that "everyone objected to [his] reasoning," but that no one threatened him in any way.
Over the defendant's objection and further motion for a mistrial, the Supreme Court instructed the full jury that it would not accept the verdict, and sent the jury back for further deliberations. The court instructed the jury, among other things, to "discuss the evidence and consult with each other," "give each other's views careful consideration," and deliberate "with a view towards reaching an agreement if that can be done without surrendering individual judgment." Further, the court instructed the jurors: "You should not surrender an honest view of the evidence simply because you want the trial to end, or you are outvoted." The jury retired to deliberate and, shortly thereafter, sent a note requesting to view video footage in evidence, taken on June 24, 2013, at the location of the Citibank branch in question. After viewing this video, the jury returned a unanimous verdict identical to the one it originally returned. The defendant appeals.
The defendant's contention that he was deprived of a fair trial by the admission of evidence concerning the Queens County counts is unpreserved for appellate review, as he failed to request further curative instructions or move for a mistrial upon the Supreme Court's dismissal of those counts (see CPL 470.05[2]; People v Bragg, 161 AD3d 998, 998-999). In any event, the defendant was not deprived of a fair trial by the admission of such evidence, and any other error in its admission was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 240-241). There is no merit to the defendant's related contention, which is also unpreserved for appellate review, that any prejudice caused by admitting the evidence regarding the Queens County counts was so "powerfully incriminating" that it could not be overcome by any curative instruction (People v Stone, 29 NY3d 166, 171-172; see People v Cedeno, 27 NY3d 110).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial based upon juror number two's hesitation in affirming the verdict. "[T]he jury must, if either party makes such an application, be polled and each juror separately asked whether the verdict announced by the foreman is in all respects his verdict. If . . . any juror answers in the negative, the court must refuse to accept the verdict and must direct the jury to resume its deliberation" (CPL 310.80). Here, the court appropriately conducted an inquiry, outside the other jurors' presence, into why juror number two hesitated in affirming the verdict, and further obtained clarification as to the reasons he gave (see People v Pickett, 61 NY2d 773, 775). Juror number two's responses clarified that the pressure he perceived did not "[arise] out of matters extraneous to the jury's deliberations or not properly within their scope" (id. at 775). Further, his responses established that the "verdict [was] not the product of actual or threatened physical harm" (People v Simms, 13 NY3d 867, 871). Accordingly, we agree with the court's determination to instruct the jury to continue deliberating (see CPL 310.80; cf. People v Francois, 297 AD2d 750, 751).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
LEVENTHAL, J.P., HINDS-RADIX, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court