| |
|---|
| **People v Wilson** |
| 2022 NY Slip Op 34766(U) |
| January 20, 2022 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 21-00712-01 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |



FILED

JAN 21 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

FILED
AND
ENTERED
ON _/ - 2 / -_ 20_22_
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

- against -                                          DECISION AND ORDER

XAVIER, WILSON,                                      Ind. No. 21-00712-01

                                    Defendant.

----------------------------------------------------------------------X

NEARY, J.

       The defendant, Xavier Wilson, has been charged with the crime of Criminal Possession of a Weapon in the Second Degree. The defendant has made an omnibus motion which consists of a Notice of Motion and an Affirmation and Memorandum of Law in Support thereof. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

A. and B.     MOTION TO INSPECT THE GRAND JUYR MINUTES AND DISMISS THE INDICTMENT FOR INSUFFICIENT EVIDENCE AS THE EVIDENCE BEFORE THE GRAND JURY WAS LEGALLY INSUFFICIENT TO SUPPORT THE OFFENSE CHARGED

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

C.    MOTION FOR A *WADE* HEARING TO DETERMINE WHETHER THE NOTICED INDENTIFICATION OF THE DEFENDANT SHOULD BE SUPPRESS AS UNDULY SUGGESTIVE

            The defendant's motion to suppress the noticed identifications is denied without a hearing. The Court finds that the viewing of the video of the crime in progress by witnesses in the Grand Jury is not an identification procedure that is subject to suppress or requiring notice pursuant to CPL 710.30. The witness did not "previously identify [defendant] as such"-- i.e., as the defendant in the case --within the meaning of CPL 710.30(1). It is clear that the video depicted the actual crime and that the only persons shown in the videotape were the police and the defendant. Unlike lineups or photo arrays, in which the defendant's identity is at issue, the witness was not presented with a group of individuals (one or whom the police suspected of the crime) and asked to make an identification. There were no other choices, and there was nothing resembling a selection process. As made clear in *Gissendanner*, "in cases in which the defendant's identity is not in issue, "suggestiveness' is not a concern and, hence, [CPL 710.30] does not come into play." [See 48 NY2d at 552]. The witnesses in question were merely ratifying the events they had personally experienced as depicted in the video. [See *People v. Gee*, 99 NY2d 158, 782 NE2d 1155, 753 NYS2d 19(2002); *People v. Lara*, 130 AD3d 463, 13 NYS3d 74 (2015); *People v. Justice*, 127 AD3d 786, 6 NYS3d 281 (2015); *Matter of Dashawn R.*, 120 AD3d 1250, 992 NYS2d 122 (2014); *People v. Cascio*, 79 AD3d 1809, 914 NYS2d 490 (2010)].

            Accordingly, as there is no basis for suppression of the noticed identifications, the motion is denied.

D.      <u>MOTION FOR A *DUNAWAY/MAPP* HEARING TO DETERMINE THE</u>
<u>ADMISSIBILITY OF ANY TANGIBLE PROPERTY AT THE TRIAL OF</u>
<u>THIS MATTER AS NO PROBABLE CAUSE EXISTED FOR SEARCH AND</u>
<u>SEIZURE OF THE DEFENDANT</u>

This branch of the defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of property (see *Mapp v. Ohio*, 367 US 643, 81 S Ct. 1684, 6 LE2d 1081) and whether any evidence was obtained in violation of the defendant's Sixth Amendment right to counsel and/or obtained in violation of the defendant's Fourth Amendment rights. [See *Dunaway v. New York*, 42 US 200, 99 S Ct. 2248, 60LE2d 824]. The hearing will also address the issue of whether the defendant abandon the property in question.

E.      <u>MOTION FOR A *SANDOVAL* HEARING TO BE HELD TO DETERMINE THE</u>
<u>SCOPE OF THE CROSS-EXAMINATION OF THE DEFENDANT CONCERNING</u>
<u>ANY PRIOR CONVICTIONS OR PROOF OF THE COMMISSION OF SPECIFIC</u>
<u>CRIMINAL, VICIOUS OR IMMORAL ACTS, AND A *VENTIMIGLIA* HEARING</u>
<u>TO DETERMINE THE ADMISSIBILITY OF ANY SO-CALLED UNCHARGED</u>
<u>CRIMES OR PRIOR SIMILAR ACTS THE PEOPLE INTEND TO INTRODUCE</u>
<u>AT TRIAL</u>

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of

*People v. Xavier Wilson*
Indictment No. 21-00712-01

the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

**F.     MOTION FOR RERSERVATION OF RIGHTS**

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
         January 20, 2022

ROBERT A. NEARY
SUPREME COURT JUSTICE

Adrian Murphy
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
amurphy@westchesterda.net

*People v. Xavier Wilson*
Indictment No. 21-00712-01

Adeel Mirza, Esq.
Attorney for Defendant
399 Knollwood Road, Suite 111
White Plains, New York  10603
amirza12001@gmail.com