Chief Judge Breitel.
Defendant was convicted, after jury trial, of second degree manslaughter (Penal Law, § 125.15, subd 1). He was sentenced from 5 to 15 years in prison. The Appellate Division affirmed, one Justice dissenting, and defendant appeals.
The primary issue is whether an almost 27-month delay between indictment and trial, occasioned in large part by the physical incapacity of the key prosecution witness and the priority assigned by the trial prosecutor to more important jail cases, violated defendant’s constitutional right to speedy trial.
There should be an affirmance. Whether one is deprived of a speedy trial depends on a number of related factors: The length of the delay, the excuses or justifications for the delay, the burden and extent of pretrial confinement, and, of course, even if not an essential factor, the existence of prejudice to defendant’s opportunity to defend. Influencing the application of the delay factor is, within tolerable limits, the temporary or permanent burdens on the prosecution in moving cases to trial.
Defendant was convicted of the manslaughter under a murder charge arising from the early morning fatal shooting on August 22, 1968 of one Allison, done, in defendant’s own words, "in cold blood” at a scene used as a trysting place by homosexuals. The suspect and inferential, but unproven, motivation suggested some sort of extortionate harassment by defendant, an off-duty New York City transit policeman. Defendant’s version of the incident, given to a Grand Jury in February, 1969, was that he had killed Allison in self-defense. No bill was voted.
In the summer of 1970, however, defendant boastfully confessed this killing to a fellow police officer, Cofield, who reported the confession to an Assistant District Attorney. Under pretext of seeking advice about how to commit a successful murder, Cofield, on two different days at a motel, induced defendant to repeat and elaborate upon his confession, and to confess to a variety of other bizarre, brutal and predatory crimes. These confessions were surreptitiously tape-recorded. On the strength of this and other evidence, defendant was indicted for murder.
*636 While there was an almost 27-month lapse between indictment and trial (December 31, 1970 to March 5, 1973), defendant was at liberty on bail for all but six months after indictment. Defense counsel caused or acquiesced in some 11 months of the delay. A delay of 10 months was due to the physical incapacity of Officer Cofield, the prosecution’s key witness, as a result of injuries sustained in an accident. An additional five months’ delay was due to the trial prosecutor’s involvement in several notorious cases of primary significance, including the cold-blooded shooting down of two policemen on patrol. Thus, as is often the case, unfortunately, in criminal prosecutions, each period of delay gave rise to occasions for further delay (see Amsterdam, Speedy Criminal Trial: Rights and Remedies, 27 Stan L Rev 525, 531).
In People v Johnson (38 NY2d 271), a case in which the defendant had been continuously in jail for almost 19 months between arrest and trial, this court emphasized that since Johnson always asserted a plausible self-defense, it was incumbent to give him an early trial despite strictly chronological priority assigned to jail cases. Moreover, Johnson allegedly suffered prejudice from the alleged loss of a witness. In this case, defendant asserted self-defense too; but that was not the real issue. The real issue was whether his saga of confessions to Cofield was genuine or a "put-on”, as he said. Resolution of that issue was neither impaired nor strengthened by the passage of time. It made, however, Cofield’s testimony essential and, therefore, excusable the delay caused by his physical incapacity (see Barker v Wingo, 407 US 514, 533-534). Although not essential, there was no prejudice shown to the defense by reason of the delay in reaching trial (see People v Taranovich, 37 NY2d 442, 446; People v Blakley, 34 NY2d 311, 317).
This is not to say that a bail case need not be brought to early trial. It should; but some sort of priority should go to jail cases, as must to cases involving serious crimes of great significance to the public interest, a factor present here (People v Taranovich, 37 NY2d 442, 446, supra; see, generally, Uviller, Barker v Wingo: Speedy Trial Gets a Fast Shuffle, 72 Col L Rev 1376, 1387). In both bail and jail cases priority should be given, among others, to cases where there is a critical issue involving guilt or innocence, or the possible loss of witnesses to the prosecution or the defense (see People v *637 Johnson, 38 NY2d 271, 278, supra). These relative standards were satisfied in this case.
Only one other contention raised by defendant merits consideration.
The cross-examination of defendant concerning other bizarre crimes he had committed was justified, since he had admitted them to Cofield and there was therefore basis to question him about them with respect to his credibility. Significantly, he testified that indeed, he might have made some admissions to someone, as indeed he had.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.