■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW VITO, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed October 5, 1977. Sentence affirmed. No opinion. The case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS WASHINGTON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered July 21, 1976, which granted defendant's motion to dismiss the indictment on the ground he was denied a speedy trial. Order reversed, on the law and the facts, motion denied and indictment reinstated. The record reveals that defendant was arraigned under the indictment on December 12, 1974. During the 16-month period from approximately March 12, 1975 until the dismissal of the indictment on July 21, 1976, the defendant made 8 requests for adjournments, to which 7 months and 8 days of the delay can be attributed. In addition, 5 adjournments on consent were responsible for approximately 6 months and 22 days of the delay. The time chargeable to the People approximates one month and three days, occasioned by the fact that an important witness for the prosecution could not be located and because the case had recently been reassigned to another Assistant District Attorney. Under these circumstances we believe the trial court erred in not granting the prosecution's request on July 19, 1976 for a short adjournment in order to locate the missing witness and to allow the Assistant District Attorney just assigned to the case to familiarize himself with the file (see *People v Kelly,* 38 NY2d 633; *People v Taranovich,* 37 NY2d 442; *People v Williams,* 56 AD2d 667). Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED WILKINS, Appellant, et al., Defendant.—In a proceeding pursuant to CPL 540.30 for remission of a bail forfeiture, the surety appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated November 18, 1977, as, upon reargument, adhered to the original determination denying the application. Order affirmed insofar as appealed from, without costs or disbursements, on the opinion of Mr. Justice Hellenbrand at Criminal Term. Latham, J. P., Damiani, Hawkins and O'Connor, JJ., concur.

■ STATE OF NEW YORK ex rel. MORTON N. WEKSTEIN et al., Appellants, v THOMAS DELANEY, as Sheriff of Westchester County, et al., Respondents.—In a habeas corpus proceeding in which petitioners seek reinstatement of bail, they appeal from a judgment of the Supreme Court, Westchester County, entered December 30, 1977, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. It was not an abuse of discretion to deny the application and dismiss the proceeding. Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.