■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered June 19, 1986, convicting him of rape in the first degree (two counts), sodomy in the first degree, and unlawful imprisonment, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 9:00 P.M. on February 19, 1985, the defendant and two others lured and then dragged the then 18-year-old victim to the roof of a building in Queens, where they raped and sodomized her.

On appeal, the defendant raises numerous issues, most of which are unpreserved for appellate review, and none of which have merit.

With respect to the defendant's contention that the jury verdict is contrary to. the weight of the evidence because the complaining witness is marginally retarded, we note that resolution of issues of credibility and the weight to be accorded to the evidence presented are primarily questions to be

determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(cf., People v Garafolo,* 44 AD2d 86). In the instant case, the complainant testified that she had previously been acquainted with the defendant, whom she knew by the street name "Understanding", that she saw him earlier on the day of the crime, and that he "started" the rape. The defendant was an active participant throughout the victim's lengthy ordeal, during the course of which he at various times held her down, sodomized her, and threatened to throw her off the roof if she did not cooperate. At no time did the complainant's identification of the defendant waiver. In addition, although the defendant and his witnesses offered alibi testimony, it was riddled with inconsistencies. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's allegation that the testimony of two police witnesses regarding his placement in a lineup "bolstered" the complainant's identification testimony in violation of the principles enunciated in *People v Trowbridge* (305 NY 471), is unpreserved for appellate review *(People v West,* 56 NY2d 662; *People v Faison,* 120 AD2d 744). In any event, the officers' testimony did not have a bolstering effect because neither policeman referred to the victim's identification of the defendant *(People v Middleton,* 128 AD2d 554).

Also unpreserved for appellate review is the defendant's contention that he was denied his constitutional right to a speedy trial pursuant to CPL 30.20, as this ground was not raised in his pretrial motion pursuant to CPL 30.30 *(see, People v Jordon,* 62 NY2d 825; *People v Mucciolo,* 104 AD2d 905; *People v D'Angelo,* 104 AD2d 662). In any event, the defendant's right to a speedy trial was not violated since the 15 months between his arrest and the trial did not constitute an excessive delay *(cf., People v Rainey,* 28 NY2d 863, *cert denied* 404 US 861; *People v Kelly,* 38 NY2d 633). The complexity of the case and the gravity of the charges made such delay as there was understandable; the defendant was not incarcerated in the interim; and the defendant has failed to demonstrate how the death of his father prior to trial prejudiced his defense, since the father's testimony would have been cumulative as the fifth alibi witness to testify that the defendant was at home on the night of the rape. Since analysis of all of the factors to be considered in evaluating

whether there has been a deprivation of the constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442), in the instant case, favors the People, we conclude that the defendant's challenge is meritless.

The prosecution properly questioned Detective O'Sullivan and the complainant regarding the latter's "Miraquic" identification of the defendant's photograph at the 112th Precinct only after the defense counsel opened the door by moving into evidence Detective O'Sullivan's report recording the identification *(see, People v Smith,* 133 AD2d 863).

The defendant's complaint that the trial court erred in failing to instruct the jury on the issue of identification is unpreserved for appellate review as the defendant at no time requested such an instruction, nor did he object on this ground to the charge as given (CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467). In any event, we note that the Trial Judge adequately apprised the jurors of the applicable law in instructing them on how to weigh witnesses' credibility. The court also made it clear that the People had the burden of proving that the defendant was guilty of every element of the crimes charged beyond a reasonable doubt before the presumption of innocence could be overcome *(People v Whalen,* 59 NY2d 273; *People v Smith,* 100 AD2d 857).

The trial court properly exercised its discretion in excluding from evidence any mention of the fact that the complainant had been the victim of a rape some two years previously on the ground that it was irrelevant to the case at bar *(People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949; *People v Lippert,* 138 AD2d 770; *People v Boyd,* 122 AD2d 273).

Finally, we conclude that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.