■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VON THADEN, Appellant. [968 NYS2d 904]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Donnino, J.), rendered July 22, 2005, convicting him of attempted assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of attempted assault in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kolupa*, 13 NY3d 786, 787 [2009]; *People v Lane*, 7 NY3d 888, 889 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that reversal is warranted because the prosecutor exceeded the scope of the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]). However, defense counsel did not seek further relief or move for a mistrial after the Supreme Court sustained his objection and struck the testimony from the record, so the error must be deemed to have been cured to the defendant's satisfaction (*see People v Gill*, 54 AD3d 965, 665-966 [2008]). In any event, the defendant was not prejudiced by the prosecutor's questions, since the Supreme Court, in this nonjury trial, is presumed to have disregarded the stricken testimony (*see People v Owens*, 45 AD3d 1058, 1059 [2007]; *People v Kolon*, 37 AD3d 340, 342 [2007]; *see generally People v Moreno*, 70 NY2d 403, 405 [1987]).

The defendant also contends that the Supreme Court's denial of his request to produce the complainant's mental health records deprived him of his constitutional right to present a defense and confront witnesses against him. This contention is unpreserved for appellate review (*see People v Valdez-Cruz*, 99 AD3d 738, 739 [2012]; *People v Forte*, 70 AD3d 963, 964 [2010]) and, in any event, is without merit (*see People v Gissendanner*, 48

NY2d 543, 547-551 [1979]; *People v Brown*, 24 AD3d 884, 887 [2005]; *People v Davis*, 203 AD2d 300 [1994]; *cf. People v Baranek*, 287 AD2d 74 [2001]). Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.