■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE JARVIS, Appellant. [4 NYS3d 924]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered August 27, 2009, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that testimony elicited from a detective regarding a certain witness's pretrial identification of the defendant as the perpetrator of the charged crime constituted improper bolstering. This contention is unpreserved for appellate review (*see People v Speaks*, 124 AD3d 689, 692 [2015]; *People v Walker*, 70 AD3d 870, 871 [2010]; *People v Chandler*, 59 AD3d 562, 562 [2009]; *People v Moore*, 159 AD2d 521, 522 [1990]). In any event, the testimony did not constitute improper

bolstering because it was offered for the relevant, nonhearsay purpose of establishing the reasons behind the detective's conduct, and to complete the narrative of events leading to the defendant's arrest (*see People v Speaks*, 124 AD3d at 692; *People v Rosario*, 100 AD3d 660, 661 [2012]; *People v Ragsdale*, 68 AD3d 897, 898 [2009]).

The defendant failed to establish, prima facie, his entitlement to a missing witness charge (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Whitlock*, 95 AD3d 909, 910-911 [2012]; *People v Greene*, 87 AD3d 551, 552 [2011]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Eng, P.J., Dillon, Chambers and Barros, JJ., concur.