This opinion is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 10
The People &c.,
            Appellant,
        v.
Hao Lin,
            Respondent.

Anthea H. Bruffee, for appellant.
Denise Fabiano, for respondent.

STEIN, J.:

In this appeal challenging convictions for driving while intoxicated, defendant argues that the Confrontation Clause was violated where the police officer who testified at trial regarding defendant's breath test directly observed the test, but did not personally administer it. Because the officer testified

- 1 -

based on his own observations and conclusions, rather than as a surrogate for his partner who actually administered the test, and none of the nontestifying officer's hearsay statements were admitted against defendant, we hold that defendant's rights under the Confrontation Clause were not violated.

I.

Defendant was arrested for driving while intoxicated (DWI) and other traffic offenses.  He was taken to the police station, where Officers Harriman and Mercado -- who were both experienced breath analysis operators trained on the Intoxilyzer 5000 -- remained in defendant's presence for the entire breath-testing procedure.  Harriman administered the breath test to defendant, progressing through the 13 steps on the police department checklist and completing the forms related to the test procedure.  Mercado personally observed the performance of these tasks, and operated the video recorder that memorialized defendant's test.

On defendant's first two attempts to provide a breath sample, he did not blow properly, so the machine emitted an error sound, would not give a result, and had to be reset.  On the third attempt, defendant provided a proper sample.  Mercado testified that he knew it was proper because the machine did not make the error sound, and it printed out the result, which was a blood alcohol content of .25 of one percentum.  Mercado further testified that a person cannot alter a reading in the machine

once someone blows into it.

Prior to defendant's trial, Harriman retired from the New York Police Department and moved out of state. Therefore, Mercado testified at trial regarding the breath test procedure and results, including his opinion that defendant was intoxicated. The 13-step checklist completed by Harriman was not admitted into evidence. As relevant here, the jury convicted defendant of two counts of DWI. Appellate Term reversed and remitted for a new trial on those counts (46 Misc 3d 20 [App Term 2014]), holding that defendant's Confrontation Clause rights were violated. That court so concluded because Mercado did not personally observe whether the machine display of the simulator solution temperature was within the proper range, which was an essential part of the 13-step operational checklist; the court also noted that the record did not indicate whether the machine will perform if the temperature is outside the proper range. A Judge of this Court granted the People leave to appeal (25 NY3d 1202 [2015]), and we now reverse.

II.

In general, the Confrontation Clause of the Sixth Amendment renders inadmissible the testimony of a witness against a criminal defendant "unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination" (Melendez-Diaz v Massachusetts, 557 US 305, 309 [2009]; see People v Pealer, 20 NY3d 447, 453 [2013],

cert denied ___ US ___, 134 S Ct 105 [2013]).  In particular, the
Confrontation Clause is concerned with admission of testimonial
statements made by declarants who are unavailable for cross-
examination (see Williams v Illinois, ___ US ___, ___, 132 S Ct
2221, 2238 [2012]).  Many of the recent Confrontation Clause
decisions of the United States Supreme Court and of this Court
concern documents such as affidavits, certifications and forensic
reports that were introduced without any live testimony, or
through the testimony of a person who was familiar with the
testing procedure in general, but who lacked any direct
connection to the particular defendant's testing (see Bullcoming
v New Mexico, 564 US 647 [2011]; Melendez-Diaz v Massachusetts,
557 US 305 [2009]; People v John, 27 NY3d 294 [2016]).  While the
present case is factually distinguishable, those cases are
instructive.

In Bullcoming v New Mexico, the United States Supreme
Court determined that the Confrontation Clause was violated by
the introduction of a blood test report through the testimony of
an analyst who was familiar with the general testing procedure,
but "who had neither observed nor reviewed" the analysis of the
defendant's blood (564 US at 655).  The Court held that
information regarding test analysis and results is admissible
only through, or when accompanied by, live testimony of someone
familiar with the particular test and process actually applied to
the defendant's sample (see id. at 661).  The Court reasoned that

surrogate testimony of an individual who was not involved in the test at issue is insufficient because it cannot "convey what [the testing analyst] knew or observed about . . . the particular test and testing process he [or she] employed" (id. at 661), and cannot "expose any lapses or lies" by the testing analyst (id. at 662). As the concurrence in that case acknowledged, "[i]t would be a different case if, for example, a supervisor who observed an analyst conducting a test testified about the results or a report about such results" (id. at 673 [Sotomayor, J, concurring] [emphasis added]).

In People v John, this Court ruled similarly -- under circumstances indistinguishable from those in Bullcoming -- where a DNA lab report was admitted into evidence "without a testifying analyst who performed, witnessed or supervised any portion of the testing" (27 NY3d at 308). We contrasted the facts in John with those in People v Brown (13 NY3d 332 [2009]), wherein we discerned no Confrontation Clause violation because the testifying witness had supervised the generation of a DNA profile, and personally examined and independently interpreted the data (see John, 27 NY3d at 310, citing Brown, 13 NY3d at 337, 340). While we held in John that it was not necessary for every person who came into contact with the evidence to appear at trial, we required that "at least one analyst with the requisite personal knowledge must testify" (John, 27 NY3d at 313). Thus, we concluded that a defendant's Confrontation Clause rights would

be protected as long as the People presented testimony of "a single analyst, particularly the one who performed, <u>witnessed</u> or supervised the generation of the critical numerical DNA profile" (<u>id.</u> at 314 [emphasis added]).

Neither the United States Supreme Court nor this Court has required the primary analyst to testify in every case in order to protect a defendant's confrontation rights.  Indeed, both courts have commented that the Confrontation Clause is satisfied if the trial witness is a trained analyst who supervised, witnessed or observed the testing, even without having personally conducted it (<u>see</u> <u>Bullcoming</u>, 564 US at 666; <u>id.</u> at 673 [Sotomayor, J., concuring]; <u>John</u>, 27 NY3d at 304, 314).  This is so because someone in such a position would be able to testify not only about the typical testing protocol, but also about "the particular test and testing process" used in that defendant's case (<u>Bullcoming</u>, 564 US at 661), thereby permitting the defendant to adequately cross-examine the witness.

                                III.

Applying the rules from those cases, we conclude that no Confrontation Clause violation occurred here.  Mercado was personally present during the entire time that Harriman and defendant were together.  Mercado testified that he was trained to operate the machine, was very familiar with it, and could tell whether it was working properly based on Harriman's actions inputting information and on sounds made by the machine, itself.

The Appellate Term specifically stated that, even though Mercado did not personally operate the machine for defendant's test, he was a certified and experienced operator of the machine and was able to determine whether it was successfully self-calibrating by observing Harriman's actions and listening to the machine (see 46 Misc 3d at 24-25).  That court noted that Mercado testified that he heard and saw nothing to indicate that defendant's third test was unsuccessful (see id.).  Based on Mercado's testimony that he saw the machine print out the test results, which testimony the Appellate Term credited (see id. at 25), he was as capable as Harriman of reading the printout and introducing it in evidence, regardless of who operated the machine.  That printout was generated by the machine based on defendant's breath sample, and was not a statement by Harriman (compare Bullcoming, 564 US at 660).

Defendant argues that Mercado did not observe him for the requisite 20-minute period before the test -- one of the essential 13 steps of the checklist.  While Harriman was responsible for completing the paperwork and was listed as the person who observed defendant, Mercado testified that he was also present with defendant for the entire testing procedure, including the pre-test observation period.  According to Mercado, he knew, based on what he saw and heard, that defendant did not engage in any activity during that time that could have skewed the test results.  Indeed, the Appellate Term noted that Mercado

"testified as to defendant's condition during the requisite observation period prior to the test" (see 46 Misc 3d at 24).

The only step in the testing process that the Appellate Term found Mercado did not personally perform or observe, and the sole stated basis for that court finding a Confrontation Clause violation, was verification of the simulator solution temperature as displayed on the machine. Inasmuch as the written 13-step checklist completed by Harriman was not admitted into evidence, no testimonial statement by a nontestifying witness concerning the temperature -- or any aspect of the testing procedure -- was used against defendant. Thus, any argument as to Mercado's failure to observe the temperature reading would merely relate to whether there was a proper foundation for his testimony, which would not implicate a Confrontation Clause violation (see Williams, ___ US at ___, 132 S Ct at 2238). However, to the extent that the Appellate Term based its decision on the failure of an "essential" step in the testing procedure, the trial record contradicts that court's conclusion that there was an absence of evidence that the machine will shut itself down and fail to perform the test if the temperature is outside the proper range (see 46 Misc 3d at 25). Mercado testified that he knew from operating the machine so many times that it makes an "error sound" if there is a problem, and will not give a result if an error occurs. Additionally, the video recording of the testing process supports Mercado's testimony that no error sound was

audible when the machine was verifying the temperature of the simulator solution (as opposed to when defendant failed to blow properly on his first two attempts, at which times a tone was audible and Harriman had to reset the machine). The video also shows that the machine continued to operate and produced a result. The record, therefore, was sufficient to allow the jury to find that the temperature of the simulator solution was within the proper range.

IV.

In sum, Mercado observed Harriman perform all of the steps on the checklist and saw the breathalyzer machine print out the results. Based upon his personal observations, Mercado -- as a trained and certified operator who was present for the entire testing protocol -- was a suitable witness to testify about the testing procedure and results in defendant's test. Inasmuch as Mercado testified as to his own observations, not as a surrogate for Harriman, there was no Confrontation Clause violation. Any alleged irregularities concerning the testing procedure would relate to the weight of Mercado's testimony, not its admissibility (see e.g. People v Boscic, 15 NY3d 494, 500 [2010]). Defendant's remaining argument lacks merit.

Accordingly, the order of the Appellate Term should be reversed and the case remitted to that court for consideration of the facts and issues that were raised but not determined on the appeal to that court.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Order reversed and case remitted to the Appellate Term, Second, Eleventh and Thirteenth Judicial Districts, for consideration of the facts and issues raised but not determined on the appeal to that court.  Opinion by Judge Stein.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Fahey and Garcia concur.  Judge Wilson took no part.


Decided February 16, 2017