■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESS DEVEROW, Appellant. [60 NYS3d 230]—

Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Lewis, J.), rendered February 14, 2014,

convicting him of robbery in the third degree, after a nonjury trial, and imposing sentence, and (2) a resentence of the same court, imposed March 20, 2015. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from the resentence is dismissed as academic.

Following a nonjury trial, the defendant was convicted of robbery in the third degree in connection with an incident in which he rode in an apartment building elevator with the complainant for nine floors, exited the elevator with the complainant, and then accosted the complainant in a deserted hallway, punching him in the face and stealing his jewelry.

At a suppression hearing, a police detective testified that the complainant confirmed that he and his attacker were depicted in a still photograph taken from a surveillance video of part of the underlying incident. Contrary to the defendant's contention, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence based on this testimony, as the complainant's confirmation was not the product of an unduly suggestive police identification procedure. Rather, the complainant was merely ratifying the events he had personally experienced as depicted in the photo (*see People v Gee*, 99 NY2d 158 [2002]; *People v Lara*, 130 AD3d 463 [2015]; *People v Justice*, 127 AD3d 786 [2015]; *Matter of Dashawn R.*, 120 AD3d 1250 [2014]; *People v Cascio*, 79 AD3d 1809 [2010]).

Similarly, the defendant's contention that the trial testimony of the detective constituted improper inferential bolstering of the complainant's identification of the defendant in violation of *People v Trowbridge* (305 NY 471 [1953]) is without merit (*see People v Jarvis*, 127 AD3d 992 [2015]; *People v Brown*, 120 AD3d 710 [2014]; *People v Totesau*, 112 AD3d 977 [2013]; *People v Lassiter*, 74 AD3d 1094 [2010]; *People v Moore*, 159 AD2d 521 [1990]).

The defendant's contention that he was deprived of the rights to present a defense and to confront an adverse witness by the trial court's curtailment of his cross-examination regarding the complainant's description of the assailant is unpreserved for appellate review (*see People v Von Thaden*, 108 AD3d 733 [2013]; *People v Valdez-Cruz*, 99 AD3d 738 [2012]; *People v Haddock*, 79 AD3d 1148 [2010]), and we decline to reach that contention in the exercise of our interest of justice jurisdiction.

The defendant's contentions regarding his March 20, 2015, resentence have been rendered academic by reason of his subsequent resentencing on August 23, 2016. Accordingly, we must dismiss the appeal from the March 20, 2015, resentence as academic. Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.