The People of the State of New York, Respondent, 
against
Hao Lin, Appellant.




New York City Legal Aid Society (Denise Fabiano, Esq.), for appellant.
Kings County District Attorney (Danit Almog, Esq.), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Dena E. Douglas, J.), rendered October 14, 2010. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated (per se) and driving while intoxicated (common law). By decision and order dated November 26, 2014, this court reversed the judgment, on the law, and remitted the matter to the Criminal Court for a new trial (People v Hao Lin, 46 Misc 3d 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). On February 16, 2017, the Court of Appeals reversed the decision and order of this court and remitted the matter to this court for further proceedings in accordance with its opinion (People v Hao Lin, 28 NY3d 701 [2017]).




ORDERED that, upon remittitur from the Court of Appeals, the judgment of conviction is affirmed.
On January 2, 2008, the People charged defendant, in an information, with aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while impaired (Vehicle and Traffic Law § 1192 [1]), reckless driving (Vehicle and Traffic Law § 1212), failing to obey a traffic control device (Vehicle and Traffic Law § 1110), and failing to signal when turning (Vehicle and Traffic Law § 1163 [d]). [*2]The information alleged that, on January 2, 2008 at about 12:30 a.m., on 86th Street in Kings County, defendant's automobile was observed "swerving back and forth across multiple lanes of traffic," and committing additional traffic infractions. Defendant was stopped, whereupon a police officer observed defendant with numerous indicia of intoxication and arrested defendant. A chemical test of defendant's breath revealed a blood alcohol content of .25 of one per centum by weight. Following a jury trial, defendant was convicted of the two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and acquitted of the remaining counts.
On appeal, defendant argues, among other things, that the admission of the testimony of the witness who had observed the Intoxilyzer 5000 breath test in lieu of the operator's testimony violated defendant's rights under the Confrontation Clause (see Bullcoming v New Mexico, 564 US 647 [2011]; Crawford v Washington, 541 US 36 [2004]). This contention was rejected by the Court of Appeals (People v Hao Lin, 28 NY3d 701 [2017], revg 46 Misc 3d 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). In light of the foregoing, we now conclude that the verdict convicting defendant of driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]) was not tainted by the admission of the proof of defendant's blood alcohol content.
With respect to defendant's argument that the verdicts acquitting defendant of the charge of driving while impaired and convicting him of driving while intoxicated are repugnant, we adhere to our prior conclusion (46 Misc 3d at 25-26) that defendant's repugnancy argument is not preserved for appellate review (see People v Muhammad, 17 NY3d 532, 541 n 5 [2011]; People v Satloff, 56 NY2d 745, 746 [1982]; People v Lobban, 59 AD3d 566, 566-567 [2009]). Defendant did not raise the issue until after the jury had been discharged, when it was, by then, untimely (see People v Satloff, 56 NY2d at 746; People v Stahl, 53 NY2d 1048, 1050 [1981]), and we decline to address the issue in the interest of justice (cf. People v Muhammad, 17 NY3d at 540). Likewise, defendant's claims of prosecutorial-summation error concern, in nearly all cases, comments to which defendant made no objection or voiced only general objections, which, if sustained, were not followed by a request for curative relief or an immediate mistrial motion, and thus are not preserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911 [2006]; People v Ambers, 115 AD3d 671, 672 [2014]; People v Barton, 110 AD3d 1089, 1090 [2013]; People v Read, 97 AD3d 702, 703 [2012]). Although certain of the prosecutor's comments were inappropriate, they did not deprive defendant of a fair trial.
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 25, 2017