■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON TORRES, Appellant. [66 NYS3d 246]—

Judgment, Supreme Court, Bronx County (William L. McGuire, J.), rendered March 8, 2012, convicting defendant, after a jury trial, of driving while intoxicated per se and driving while ability impaired, and sentencing him to a $500 fine and a conditional discharge, unanimously affirmed.

Defendant's Confrontation Clause claim is unavailing. A police officer, deemed an expert in breathalyzer tests, testified that he observed and recorded a breathalyzer test that was administered by a nontestifying officer. The testifying officer observed the other officer starting the machine, the machine self-calibrating, defendant blowing into the machine, and the machine printing out the results of the test. Because the officer testified based on his own observations and conclusions, and not as a surrogate for the officer who administered the test, defendant's right of confrontation was not violated (*see People v Hao Lin*, 28 NY3d 701 [2017]).

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence, including competent testimony as to the breathalyzer test results and the working condition of the machine, to satisfy all the elements of the charges. Defendant's acquittal of other types of intoxicated driving charges does not warrant a different conclusion (*see People v Rayam*, 94 NY2d 557 [2000]).

The court providently exercised its discretion in denying defendant's request for a missing witness charge. The testimony of the officer who administered the breathalyzer test would have been cumulative, given that the videotape of the test was played for the jury, the officer who observed the test testified about his observations and the results, and another officer testified that the machine was in proper working condition at the time of the test (*see generally People v Gonzalez*, 68 NY2d 424, 428 [1986]). Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.