People v Gibson (2018 NY Slip Op 05057)





People v Gibson


2018 NY Slip Op 05057


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-08985
 (Ind. No. 85N-12)

[*1]The People of the State of New York, respondent,
v
Michael S. Gibson, appellant.


Richard M. Langone, Garden City, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Monica M. C. Leiter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered September 8, 2015, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support his conviction of murder in the second degree since the People failed to prove that he acted with intent to kill the victim. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of this crime beyond a reasonable doubt. Here, intent can be inferred from the defendant's conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301; People v Bryant, 39 AD3d 768, 769). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of this crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to deny the defendant's request
for a hearing pursuant to Frye v United States (293 F 1013) to determine the admissibility of testimony concerning Low Copy Number (hereinafter LCN) DNA testing. "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458; see People v Foster-Bey, 158 AD3d 641). Given the acceptance of such evidence by other New York courts (see e.g. People v Garcia, 39 Misc 3d 482 [Sup Ct, Bronx County]; People v Megnath, 27 Misc 3d 405 [Sup Ct, Queens County]), a Frye hearing was not necessary here (see People v Foster-Bey, 158 AD3d at 641; People v Gonzalez, 155 AD3d 507).
The defendant's contention that his right to confrontation was violated because the People did not produce the analyst who performed the LCN DNA testing is unpreserved for appellate review (see CPL 470.05[2]; People v Liner, 9 NY3d 856, 856-857; People v Castro, 149 AD3d 862, [*2]865; People v Abuziyad, 136 AD3d 837), and, in any event, without merit. The testifying criminalist performed a technical review of the analyst's report, independently reviewed the analyst's data interpretation, and reached an independent conclusion, and thus, was not merely "functioning as a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315; see People v Hao Lin, 28 NY3d 701; People v Brown, 13 NY3d 332; People v Rodriguez, 153 AD3d 235, 247, affd ___ NY3d ___, 2018 NY Slip Op 04031 [2018]; People v Fermin, 150 AD3d 876, 880).
The defendant contends that he was denied his constitutional right to present a defense (see generally Chambers v Mississippi, 410 US 284; Washington v Texas, 388 US 14) when the Supreme Court precluded him from questioning a detective about whether the detective investigated a connection between the victim's death and the victim's father's prior murder conviction. This contention is unpreserved for appellate review (see People v Every, 29 NY3d 1103, 1104; People v Angelo, 88 NY2d 217, 222; People v Autry, 75 NY2d 836, 839; People v Deverow, 153 AD3d 550, 551), and, in any event, without merit, as the proffered testimony was only marginally relevant, would have confused the issues, and misled the jury (see People v Hayes, 17 NY3d 46, 53; People v Herring, 101 AD3d 1151, 1152; People v Sawyer, 304 AD2d 775).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825; People v Brown, 45 NY2d 852, 853). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Marryshow, 135 AD3d 964, 965; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). 
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court